IN THE MATTER OF IRVING I. WEISSMAN, AN ATTORNEY-AT-LAW.

Submitted May 5, 1936—Decided March 5, 1937.

Before Justices LLOYD and DONGES.

For the respondent, *Irving I. Weissman, pro se.*

LLOYD, J.  Our examination of the proofs taken before the ethics committee convinces us that the conduct of Mr. Weissman, as disclosed thereby, was of such a character as to demonstrate an entire absence of the moral and ethical fitness required for the practice of law.

The facts clearly established and nowise in doubt are that Weissman was employed by an injured workman to obtain compensation from his employer. Weissman presented a claim in the compensation bureau and obtained an award of $450, which with the costs amounted to $499.82; also a counsel fee of $50. A check was drawn by the employer to the order of the claimant and his attorney in satisfaction of the award, and Weissman obtained the proceeds of the check through his own endorsement without the signature of his client. Three weeks later the client came in for his money and was met with a demand for the payment of one-half the recovery as a fee based on an alleged written agreement to that effect. Upon this being refused Weissman sent for the employer and suggested that the claim was fraudulent, offered to procure the witnesses to prove it, stating that the case could be opened if the employer would give him a fee of $200. This was agreed to by the employer and the plan carried out by having the case opened and the award set aside through an attorney suggested by Weissman's partner. No effort whatever seems to have been made to substantiate the claim of fraud, and after several adjournments, at which Weissman continued to represent the *claimant,* the award was reinstated.

Anything more perfidious in the relation of an attorney

and his client it would be difficult to suggest. Disputing over a fee, he turns his back on his client, and, without the slightest justification tendered his services to the employer to defeat the award in order that he could obtain the fee which his client had refused to pay. For this he received a fee of $200 from the employer. He then continued to represent the claimant in the proceedings before the referee to set aside the award, but raised no hand to protect him. Faithless to his first client, he was equally faithless to the second; in secret representing both, he was true to neither.

The license granted to practice law granted to Irving I. Weissman must be revoked and his name will be stricken from the rolls of the court.